IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CANDACE SMITH, | Civil Action No. 4:13cv362 KGB |
| Plaintiff, | |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| HOSTO & BUCHAN, PLLC; and DOES 1 to 10, inclusive, | |
| Defendant. | |

This case assigned to District Judge Baker
and to Magistrate Judge Young

## COMPLAINT

### I. INTRODUCTION

1. This is an action for statutory damages brought by Plaintiff, Candace Smith, an individual consumer, against Defendant, Hosto & Buchan, PLLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

1

## III. PARTIES

3. Plaintiff, Candace Smith, is a natural person with a permanent residence in Jacksonville, Pulaski County, Arkansas 72076.

4. Defendant, Hosto & Buchan, PLLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 701 W 7th Street, Little Rock, Pulaski County, Arkansas 72201-4001.

5. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. The debt that Defendant is attempting to collect on is for a private loan which is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. On or about September 14, 2012, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

9. Defendant has no standing to commence garnishment proceedings on behalf of the original creditor.

10. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings, which could result in garnishment.

11. The representations made to Plaintiff on or about September 14, 2012 by Defendant regarding garnishment were false.

12. On or about September 14, 2012, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

13. Defendant has no standing to commence legal proceedings on behalf of the creditor.

14. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

15. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

16. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

17. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. CLAIM FOR RELIEF

18. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (b) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Candace Smith, for statutory damages, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Hosto & Buchan, PLLC, for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Candace Smith, demands trial by jury in this action.

Dated: May 31, 2013

                                              RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi (Bar No. 93993)
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road,
Suite 175
Norcross, GA 30093
Tel: 678-395-7795,
Fax: 866-929-2434
shireen@hormozdilaw.com
*Attorneys for Plaintiff,*
*Candace Smith*